**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| FOX JOSEPH SALERNO, | No. 11-17755 |
| Plaintiff - Appellant, | D.C. No. 2:10-cv-00858-ROS |
| v. | |
| HENRY C. MUNOZ, SSU; et al., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the District of Arizona
Roslyn O. Silver, Chief Judge, Presiding

Submitted December 19, 2012[**]

Before:     GOODWIN, WALLACE, and FISHER, Circuit Judges.

Fox Joseph Salerno, an Arizona state prisoner, appeals pro se from the

district court's dismissal order and summary judgment in his 42 U.S.C. § 1983

action alleging that defendants violated his First, Fourth, and Sixth Amendment

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

rights when they read a letter to his attorney. We have jurisdiction under 28 U.S.C. § 1291. We review de novo. *Toguchi v. Chung*, 391 F.3d 1051, 1056 (9th Cir. 2004) (summary judgment); *Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000) (dismissal under 28 U.S.C. § 1915A for failure to state a claim). We affirm.

The district court properly dismissed Salerno's access-to-courts claim because Salerno failed to state facts sufficient to show that defendants' actions hindered Salerno's efforts to pursue a nonfrivolous legal claim. *See Lewis v. Casey*, 518 U.S. 343, 348-53 (1996) (setting forth actual injury requirement).

The district court properly granted summary judgment on Salerno's remaining First and Fourth Amendment claims because Salerno failed to raise a genuine dispute of material fact as to whether defendants violated his rights by reading and investigating the contents of the letter to Salerno's attorney after defendants were notified of the threat posed by the letter. *See Turner v. Safley*, 482 U.S. 78, 89-91 (1987) (discussing factors for determining whether regulation that impinges on First Amendment rights is reasonably related to legitimate penological interests); *Thompson v. Souza*, 111 F.3d 694, 699 (9th Cir. 1997) (the reasonableness of searches and seizures by prison officials should be analyzed in light of the *Turner* factors); *see also Bell v. Wolfish*, 441 U.S. 520, 547 (1979) (prison officials "should be accorded wide-ranging deference in the adoption and

execution of policies and practices that in their judgment are needed to preserve internal order and discipline and to maintain institutional security").

The district court properly granted summary judgment on Salerno's Sixth Amendment claim because Salerno failed to raise a genuine dispute of material fact as to whether defendants' conduct interfered with Salerno's ability to communicate with his criminal attorney or obtain evidence in a criminal proceeding. *See Williams v. Woodford*, 384 F.3d 567, 584-85 (9th Cir. 2004) ("When the government deliberately interferes with the confidential relationship between a criminal defendant and defense counsel, that interference violates the Sixth Amendment right to counsel if it substantially prejudices the criminal defendant.").

**AFFIRMED.**